SULLIVAN, Senior Judge
(concurring in part and in the result):
The majority makes clear that Military Rule of Evidence 106 applies to the completion of “a writing or recorded statement,” not to the completion of an oral statement. See United States v. Goldwire, 55 MJ 139,146-48 (2001) (Sullivan, J., concurring in the result)(Baker, J., concurring in the result). It also makes clear that Mil.R.Evid. 304(h)(2) is the rule of completeness at courts-martial with respect to oral (and written) statements that are admissions and confessions. I agree.
In this light, I turn to the evidence of record in this case. The prosecution was allowed to evidence four pretrial statements made by appellant which were clearly exculpatory in nature. In these statements, he basically asserted that his home was invaded by several unknown persons; they beat him and his wife; and they abducted him in a car from which he eventually escaped. The prosecution declined to evidence three other exculpatory statements subsequently made by appellant, where he claimed that he killed his wife in self-defense during a domestic disturbance. Appellant sought admission of his later statements under “the rule of completeness.” (R. 278)
I initially note that the Government evidenced appellant’s telephone statement to his mother-in-law by calling her as a witness at this court-martial. (R. 228, 235) Trial counsel, however, also evidenced appellant’s oral statement to a police emergency operator by introducing a recorded copy of their phone conversation. (R. 138, PE 43) Trial counsel further evidenced appellant’s oral statement to police officers responding to his emergency call by calling one of those officers as a *344 witness. (R. 346-48) Finally, it introduced evidence of his oral statement to a missing person police investigator by calling as a witness the investigator who heard his statement. (R. 272, 280-82)
The military judge made a general decision that appellant’s fifth, sixth, and seventh statements made to police, which suggested he acted in self-defense during a domestic row, could not be admitted by the defense under the rule of completeness. (R. 279) Neither the defense nor the Government nor the military judge distinguished between Mil. R.Evid. 106 or 304(h)(2). I think it is important that this Court do so because these are different Manual rules with different evidentiary requirements.
Mil.R.Evid. 106 states:
Rule 106. Remainder of or related writings or recorded statements
When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require that party at that time to introduce any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.
(Emphasis added.) Here, the tape recording of appellant’s telephone conversation with the 911 operator (his second statement) was introduced as evidence by the prosecution. Unlike United States v. Goldwire, supra, where no writing or recorded statement was evidenced, Mil.R.Evid. 106 was applicable in this ease.
Nevertheless, in my view, fairness did not require that the military judge allow the defense to admit evidence of appellant’s fifth, sixth, and seventh statements to members of the Honolulu police department. These statements did not clarify the telephone conversation with the 911 operator or contribute to the understanding of its meaning. They contradicted the earlier telephone call, and their admission under this rule was an obvious attempt to permit appellant to parade his second exculpatory story before the members and avoid the crucible of cross-examination. In these circumstances, a sound basis existed for the judge’s decision to refuse to admit this evidence under this evidentiary rule.
Turning to Mil.R.Evid. 304(h)(2), it states:
(2) Completeness. If only part of an alleged admission or confession is introduced against the accused, the defense, by cross-examination or otherwise, may introduce the remaining portions of the statement.
(Emphasis added.) For the reasons stated by the majority, I conclude that the fifth, sixth, and seventh statements were not “remaining portions of the” first four “statements.” See generally United States v. Harvey, 8 USCMA 538, 546, 25 CMR 42, 50 (1957) (articulating a separate and unrelated rule). In addition, the first four statements made by appellant concerning his purported home invasion by strangers certainly did not constitute a confession. Although he asserted certain facts in these statements, they were exculpatory, not inculpatory, on then-face. I question whether Mil.R.Evid. 304(h)(2) is applicable in these circumstances.*
A final question raised is whether the defense was entitled to introduce the entirety of these statements because the prosecution’s medical expert testified on cross-examination by defense counsel that she relied on a part of these statements in determining the cause of death (“anoxic brain damage due to suffocation or choke hold kind of procedure”). (R. 419, 430-31) The witness stated: “They [the police] said that the accused had confessed to having a choke hold kind of grip on the decedent,” and she said that was the only information she received from the police as to appellant’s pretrial statements. (R. 433) The military judge allowed the expert to testify that she relied on this particular statement from appellant in reaching her expert opinion on the case of death. (R. 434-35)
In my opinion, no violation of Mil.R.Evid. 703 and 705 occurred in this ease for the reasons pointed out by the majority. No Mil.R.Evid. 106 or Mil.R.Evid. 304(h)(2) vio *345 lation also plainly occurred here. It was the defense, not the Government, who first introduced evidence of appellant’s later admissions at his court-martial.

 See Mil.R.Evid. 304(c)(l)(“A ‘confession’ is an acknowledgement of guilt."); Mil.R.Evid. 304(c)(2) ("An ‘admission’ is a self-incriminating statement falling short of an acknowledgement of guilt, even if it was intended by its maker to be exculpatory.") (emphasis added).